**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 04 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KLINKENBORG AERIAL SPRAYING AND SEEDING, INC., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ROTORCRAFT DEVELOPMENT CORPORATION; ROTORCRAFT HOLDINGS, LLC; SELECT AVIATION SERVICES, INC.; SELECT AVIATION HOLDINGS, LLC; GARY FOX, individually; SELECT TURBINE COMPONENTS, INC., <br><br> Defendants-Appellants. | No. 15-35008 <br><br> D.C. No. 9:12-cv-00202-DLC <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted April 3, 2017**
Seattle, Washington

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: KOZINSKI and FLETCHER, Circuit Judges, and TUNHEIM, Chief District Judge.[***]

As a general rule, 11 U.S.C. § 362(a)'s automatic stay only protects the debtor and not corporate affiliates. *Chugach Timber Corp. v. N. Stevedoring & Handling Corp.* (*In re Chugach Forest Prods., Inc.*), 23 F.3d 241, 246 (9th Cir. 1994). Appellants Rotorcraft Development, Rotorcraft Holdings LLC, Select Aviation Services Inc., Select Aviation Holdings LLC, and Gary Fox (collectively, "Rotorcraft entities") are corporate affiliates of now-bankrupt Select Turbine Components, Inc., and, therefore, the stay does not automatically protect the Rotorcraft entities.

The Rotorcraft entities nevertheless contend that the automatic stay extends to Klinkenborg's alter-ego claims because they are property of the estate. We have construed such contentions as assertions that "unusual circumstances" warrant departure from the "general rule" articulated above. *See In re Chugach Forest Prods.*, 23 F.3d at 246; *O'Malley Lumber Co. v. Lockard* (*In re Lockard*), 884 F.2d 1171, 1179–78 (9th Cir. 1989). We have never adopted the "unusual circumstances" exception in the Ninth Circuit and we decline to do so here. *See In re Chugach Forest Prods.*, 23 F.3d at 246–47. Further, even if we were to adopt

---

[***] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

2

"unusual circumstances" exception, the exception requires the bankruptcy court to extend the automatic stay using its equity jurisdiction "'after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate.'" *Solidus Networks, Inc. v. Excel Innovations, Inc.* (*In re Excel Innovations, Inc.*), 502 F.3d 1086, 1096 (9th Cir. 2007) (quoting *In re Chugach Forest Prods.*, 23 F.3d at 247 n.6). Here, the bankruptcy court has not used its equity jurisdiction to extend the automatic stay to the Rotorcraft entities. Finally, even if the bankruptcy court were not required to apply its equity jurisdiction, Klinkenborg's alter-ego claim pled "[u]pon information and belief," does not support a finding of "unusual circumstances" to automatically extend the protection of § 362(a).

**AFFIRMED**